# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

**SEALED**

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
In the Matter of the Search of a Gray Acura Sedan, ) Case No. 21-mc-916
Louisiana License Plate No. 528 BDC and 3126 )
Independence Street, Apt. B, Metairie, Louisiana )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A.

located in the __Eastern__ District of __Louisiana__, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession or Receipt of a Firearm by a Prohibited Person |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |
| 21 U.S.C. § 841(a) | Distribution of and the Possession with intent to Distribute Controlled Substances |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

☐ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/James Ollinger
*Applicant's signature*

Special Agent James Ollinger, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/07/2021

*Judge's signature*

City and state: New Orleans, Louisiana

Honorable Karen Wells Roby, Chief U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF APPLICATION TO THE SEARCH A GRAY ACURA SEDAN, LOUISIANA LICENSE PLATE # 528 BDC, AND 3126 INDEPENDENCE STREET, APARTMENT B, METAIRIE, LOUISIANA, 70006 | *<br><br>* | Search Warrant No. 21-MC-916 |

\* \* \*

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, James Ollinger, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been employed by the FBI for approximately ten years, currently assigned to the FBI New Orleans Gang Task Force (NOGTF). This task force includes federal and state officers tasked with the responsibility of investigating illegal gang activity in the Metropolitan New Orleans area. I have participated in investigations involving drug activity, street gangs, and violent crimes. I have also participated in several investigations for drug trafficking, Hobbs Act robberies, and racketeering offenses, and am thoroughly familiar with the investigative techniques used in these investigations.

2. This affidavit is made in in support of the attached application for an order authorizing the search of:

   a. A gray Acura, as described in Attachment A.

   b. 3126 Independence Street, Apartment B, Metairie, Louisiana, 70006, as described in Attachment A (hereafter TARGET LOCATION).

3. Based on the facts set forth in this affidavit, I believe there is probable cause that contained inside TARGET LOCATION is evidence of violations of Title 18 U.S.C. § 922(g)(1)(possession or receipt of a firearm by a prohibited person); Title 18 U.S.C. § 924(c)(1)(A)(possession of a firearm in furtherance of a drug trafficking crime); and 21 U.S.C. § 841(a)(1) (the distribution of and the possession with intent to distribute controlled substances).

4. Since this affidavit is being submitted for this limited purpose, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are essential to establish the necessary foundation for obtaining a search warrant. I make this affidavit based upon my personal knowledge derived from my participation in this investigation and upon information relayed to me from other members of the NOGTF and the New Orleans Police Department (NOPD).

## **PROBABLE CAUSE**

5. The FBI's NOGTF, working in conjunction with the NOPD, initiated an investigation into a neighborhood-based gang identified by numerous names including, but not limited to: Byrd Gang, Bird Gang, Piff Gang, 315 MagFischer, and M3. This group is most frequently referred to as the Byrd Gang. The Byrd Gang is primarily and historically based in Harmony Oaks, formerly the C. J. Peete Public Housing Development, but commonly referred to as the Magnolia Projects, which is located in Uptown New Orleans. This investigation has identified numerous members and associates of the Byrd gang.

6. Through its investigation, the NOGTF has learned that two of these individuals, Terran WILLIAMS and Alan GRAY, were both Byrd Gang members and close associates. This conclusion is based on past arrests, social media, information from cooperators, as well as surveillance conducted by NOGTF members. During the summer of 2020, the NOGTF further

learned that GRAY was a person of interest in at least two open homicide investigations. On March 12, 2020, a homicide occurred in the 1300 block of South Galvez Street in New Orleans, LA. The NOPD processed the scene of the homicide and collected any relevant evidence., including a 9 mm casing that was located on the scene of the homicide. The casing was swabbed for DNA and investigators later learned that there was a CODIS "hit" from this swab to GRAY. As a result of this notification, the NOPD secured a buccal swab search warrant for a reference sample of GRAY's DNA. Additionally, the NOGTF was gathering information that WILLIAMS was also likely involved in numerous violent crimes in New Orleans.

7. On August 26, 2020, members of the NOGTF were able to locate WILLIAMS and GRAY in the vicinity of 2042 N. Rocheblave Street in New Orleans. At that time WILLIAMS was observed with a handgun with an extended magazine tucked into his waistband. WILLIAMS was also observed with what appeared to be a large clear plastic bag containing a green substance that members of the NOGTF believed to be marijuana. Because WILLIAMS, a convicted felon, was in possession of a firearm and because GRAY was wanted by NOPD on the buccal swab warrant, members of the NOGTF and NOPD decided to conduct an investigatory stop of their vehicle once GRAY and WILLIAMS departed the area.

8. WILLIAMS and GRAY eventually departed the area in a black Jeep Gladiator, but NOGTF and NOPD units were unable to maintain surveillance on the Jeep and no investigatory stop was done at this time. However, WILLIAMS, GRAY, and numerous other unidentified individuals were located by NOGTF members later that evening. Investigators observed WILLIAMS, GRAY, and the other individuals exit a residence on Freret Street in the Magnolia Housing Projects. This group of individuals then got into two different vehicles, a white Acura sedan bearing Louisiana license plate 762 DMY, and a blue Nissan Maxima bearing Louisiana

license plate 748 DTN. The white Acura was registered to Kerry Anthony BROOKS at 718 Central Avenue, Apartment 201, Jefferson, LA. The blue Nissan Maxima was registered to Cedric Shawn Jones at 2906 Freret Street in New Orleans, Louisiana. Members of the NOGTF were able to identify GRAY getting into the blue Nissan Maxima but were unable to determine which of the two vehicles WILLIAMS entered. Both vehicles departed 2906 Freret Street and NOGTF members followed both vehicles as they traveled together to the Family Dollar located at 2147 S. Claiborne Avenue, New Orleans, Louisiana. Both vehicles entered the parking lot and parked next to each other facing the Family Dollar.

9. Members of the NOGTF requested assistance from NOPD marked units to assist in making contact with the occupants of both vehicles and in another attempt to execute the buccal swab warrant for GRAY and arrest WILLIAMS for firearm offenses. Moments after an NOPD marked unit pulled behind the two vehicles, activated its emergency lights, and the officers ordered the occupants out of the vehicles, the driver of the blue Nissan Maxima abruptly backed out of the parking spot and fled around the back of the Family Dollar. The blue Nissan Maxima then turned onto Jackson Avenue and continued to flee northbound on Jackson Avenue at a high rate of speed. When the vehicle approached the intersection of Martin Luther King Avenue and S. Galvez Street, the driver was unable to maintain control and the vehicle crashed into the neutral ground.

10. At the same time as the blue Nissan Maxima fled from the Family Dollar, Kerry BROOKS exited the white Acura sedan. Knowing that BROOKS was with the individuals who fled in the blue Nissan and who were believed to be armed, police officers repeatedly ordered BROOKS to the ground. BROOKS ignored the officers' commands and continued to slowly walk toward the door of Family Dollar[1]. Eventually, officers were able to safely approach BROOKS

---

[1] This exchange between officers and BROOKS is captured on the officers' NOPD body worn camera.

and place him on the ground. It is law enforcement's belief that BROOKS was trying to delay and distract the officers from pursuing the blue Nissan Maxima. After reviewing the NOPD body camera of the stop of BROOKS, which showed the officers repeated commands to get on the ground, and BROOKS' non-compliance, it is my opinion that he was indeed deliberately trying to distract the police officers.

11. Members of the NOGTF pursued the fleeing blue Maxima at a safe speed when the vehicle crashed. After the crash, three individuals exited the driver's side of the vehicle and fled on foot in different directions. Members of the NOGTF and NOPD established a perimeter surrounding two blocks between Martin Luther King Blvd and First Street. Minutes later, NOPD units received information[2] from a concerned citizen regarding a suspicious person who placed a suspected weapon in a garbage can near the intersection of First Street and N. Miro Street. NOPD units responded to that location and discovered a loaded Century Arms Draco 7.62 caliber rifle, bearing serial number PMD 19062 in a garbage can. The concerned citizen, who identified himself as an off-duty NOPD officer, stated that the individual that placed the weapon in the garbage can was wearing a white tank top t-shirt and blue shorts with stripes on the side. This was the exact clothing that GRAY had posted a picture of himself wearing on his Instagram account earlier that day. Additionally, members of the NOGTF had observed GRAY wearing the same clothing throughout the day, including when he exited the house on Freret Street and entered the blue Nissan Maxima.

12. Following the crash of the blue Maxima, NOGTF Task Force Officer (TFO) Michael Zamzam submitted an affidavit for a search warrant for the vehicle and Commissioner

---

[2] This information was given by a concerned citizen, who was later identified as an off-duty NOPD officer. The off-duty officer relayed his observations to police officers. This exchange is also captured on the body worn camera of the investigating NOPD officers.

Robert Blackburn of the Orleans Parish Criminal Court authorized the search warrant. As a result of the search of the blue Nissan Maxima, members of the NOGTF seized a loaded Glock 30S, .45 caliber handgun bearing serial XRS251 in the driver's seat; a loaded Aero Precision 300 Blackout rifle bearing serial number X209486; a newer model Apple iPhone with three cameras in a cup holder in the center console; a red and black Apple iPhone in the front passenger seat floorboard with a sleeve attached to the back of the phone containing WILLIAMS' Louisiana Identification Card and numerous credit/debit/money cards in the name of "TERRAN WILLIAMS"; a black Apple iPhone with a clear protective case on the backseat containing GRAY's Louisiana Identification Card between the phone and the protective case; approximately 200 grams of marijuana in a black backpack located in the back seat; approximately 12 grams of fentanyl, packaged for distribution, in 10 clear plastic bags located in the passenger side rear door; a loaded 7.62 caliber magazine in a backpack with shark-teeth design on it located on the ground outside of the driver's side rear passenger door; and two digital scales and two boxes of sandwich bags which were located in the backpack.

13. On September 4, 2020, a federal grand jury returned a True Bill against WILLIAMS and GRAY for the August 26th incident described above. WILLIAMS and GRAY were indicted in the Eastern District of Louisiana for violations of Title 18 U.S.C. § 922(g)(1)(possession or receipt of a firearm by a prohibited person); Title 18 U.S.C. § 924(c)(1)(A)(possession of a firearm in furtherance of a drug trafficking crime); and Title 21 U.S.C. § 841(a)(1) (distribution of and the possession with intent to distribute controlled substances).

14. On September 12, 2020, WILLIAMS was arrested by the NOGTF and was in possession of a rifle, distributable amounts of marijuana, a scale, numerous baggies, and a handgun with an extended clip.

15. On September 14, 2020, members of the NOGTF located GRAY at the Pelham Hotel on 444 Common Street, in the Central Business District of New Orleans. Hotel management confirmed GRAY was in Room 412, which was rented by BROOKS on September 12, 2020. At the same time, agents located the white Acura sedan bearing Louisiana license plate # 762 DMY in a parking lot near the Pelham Hotel in the 400 block of Common Street. NOGTF had observed GRAY driving this white Acura sedan days prior to this date.

16. Members of the NOGTF approached the room and observed BROOKS and GRAY as they were exiting the room together. There was no one else located in the room. GRAY was placed in handcuffs and informed that he was under arrest. Investigators observed a black backpack with shark's teeth depicted on it lying on the hotel room floor. This backpack was almost identical to the backpack with shark's teeth was found at the car crash scene from August 26, 2020, described above. As a result of the ongoing investigation, as well as the observations of the officers, on September 14, 2020, the Honorable Karen Wells Roby, Chief U.S. Magistrate Judge, granted a search warrant for Room 412 at the Pelham Hotel. A result of this search was the seizure of two handguns, approximately 54 grams of suspected fentanyl packaged for distribution, approximately 111 grams of suspected marijuana packaged for distribution, and $4,900 dollars in cash. Although GRAY was arrested during this incident, BROOKS was only temporarily detained but ultimately not charged nor arrested at this time.

17. However, on April 30, 2021, a federal grand jury returned a Superseding True Bill against WILLIAMS, GRAY, and BROOKS. In addition to the charges from the incident on

August 26, 2020, WILLIAMS was also indicted on additional charges based on the drugs and firearms that were located during his arrest on September 12, 2020. Additionally, GRAY and BROOKS were indicted for the drugs and firearms that were located during the search of the hotel room. Both GRAY and BROOKS were indicted in the Eastern District of Louisiana for violating Title 18 U.S.C. section 922(g)(1)(possession or receipt of a firearm by a prohibited person); Title 18 U.S.C. section 924(c)(1)(A)(possession of a firearm in furtherance of a drug trafficking crime); and 21 U.S.C. § 841(a)(1) (distribution of and the possession with intent to distribute controlled substances).

18. Following the return of the indictment, a capias was issued for the arrest of BROOKS[3] and members of the NOGTF began to search for him. NOGTF members learned that BROOKS was arrested on December 5, 2020[4]. Based on a review of BROOKS' arrest report, his jail calls, and information gained from database checks, the NOGTF identified a female associate of BROOKS. Further investigation revealed that this female lived at TARGET LOCATION.

19. Given that this female was the first, as well as one of the only persons that BROOKS called from jail after his arrest, the NOGTF believed that BROOKS was close to this female and possibly staying with her at TARGET LOCATION.

20. On May 7, 2021, members of the NOGTF went to the TARGET LOCATION and conducted surveillance on the apartment complex in order to locate BROOKS. At 1:15 PM, investigators observed BROOKS arrive at the location alone in a grey Acura[5] and park in front of

---

[3] GRAY and WILLIAMS were detained in federal custody when the superseding indictment was returned on April 30, 2021.

[4] This arrest occurred after the incident at the Pelham Hotel with GRAY.

[5] The vehicle parked in a spot reserved for "Apartment B."

the TARGET LOCATION. Investigators then observed BROOKS exit the driver's seat of the grey Acura and walk into the courtyard in the direction of the TARGET LOCATION. Investigators maintained surveillance on the vehicle and did not observe anyone else enter or exit the vehicle.

21. Additional investigators proceeded to the TARGET LOCATION and knocked on the front door. The aforementioned female associate of BROOKS answered the door and investigators inquired if BROOKS was present inside the TARGET LOCATION. BROOKS then came to the door of the residence and was placed under arrest.

22. Given that BROOKS' arrest location was in close proximity to the threshold of the front door, that investigators were uncertain if any additional individuals were inside of the location, and because BROOKS had been previously observed with firearms, investigators elected to conduct a quick protective sweep of the residence for the presence of any unknown individuals. Investigators entered the residence and confirmed that there were no additional individuals inside of the residence, however, officers observed a firearm in plain-view on a nightstand in a bedroom of the residence[6].

23. BROOKS was read his *Miranda* rights and acknowledged that the gun did not belong to the female associate.

24. Similar to the facts and the totality of circumstances that lead to a search warrant being approved for the room at the Pelham Hotel – BROOKS being with WILLIAMS and GRAY on the night of the August 26th incident, BROOKS being with GRAY in the Pelham Hotel with additional narcotics and firearms being found in their room, and the fact that investigators observed a firearm during the protective sweep of the residence following BROOKS' arrest on May 7, 2021,

---

[6] See exhibits 1 & 2.

your affiant believes that BROOKS is likely still involved in illegal narcotics and firearms related activity. Furthermore, your affiant believes and respectfully submits that within TARGET LOCATION and the gray Acura, there is evidence of violations of Title 18 U.S.C. section 922(g)(1)(possession or receipt of a firearm by a prohibited person); Title 18 U.S.C. section 924(c)(1)(A)(possession of a firearm in furtherance of a drug trafficking crime); and 21 U.S.C. § 841(a)(1) (distribution of and the possession with intent to distribute controlled substances).

25. Based on the information above, affiant requests that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41 for TARGET LOCATION and the gray Acura sedan, as described in Attachment A, for the evidence as described in Attachment B.

/s/ James Ollinger
James Ollinger
Special Agent
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed to and sworn before me,
this   7th   day of May, 2021.
New Orleans, Louisiana.

HONORABLE KAREN WELLS ROBY
CHIEF U.S. MAGISTRATE JUDGE

# **ATTACHMENT A**
*(Property to Be Searched)*

1. A gray Acura, bearing Louisiana license plate 528 BDC



2. 3126 Independence Street, Apartment B, Metairie, Louisiana, 70006





## ATTACHMENT B
*(Particular Things to be Seized)*

A. Any item(s) that constitute evidence of drug distribution, to include but not limited to: drug and/or other controlled substances, currency, paraphernalia or equipment used in the preparation, packaging, concealment, or distribution of controlled substances.

B. Wireless communication devices and internet-connected devices, including cellular telephones, smartphones, paging devices, tablets, and computers.

C. Any and all secured and/or locked safes, boxes, and/or hidden compartments, wherein the items described in item A may be located.

D. Firearms, ammunition, and firearms accessories used in furtherance of drug trafficking.

## **EXHIBITS 1 & 2**



